IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER VIGIL,

      Plaintiff,

v.                                                    Civil No. 02-1241 WPJ/WWD

GOVERNING BOARD OF THE
ALBUQUERQUE TECHNICAL
VOCATIONAL INSTITUTE, and
JEAN CLARK individually and
in his official capacity,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO AMEND**

THIS MATTER comes before the Court upon Plaintiff's Motion to Permit Filing Amended Complaint, filed October 18, 2002 (**Doc. 7**). In this employment discrimination case based on denial of promotion, Plaintiff alleges gender discrimination violating federal law, breach of implied contract for employment, and breach of implied covenant of good faith and fair dealing. Plaintiff moves to amend the complaint to assert a common law breach of contract claim arising out of violation of the New Mexico Constitution, and the New Mexico Human Rights Act.[1] For reasons given below, the motion is denied.

The grant or denial of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the

---

[1] Plaintiff states that this action is filed pursuant to the Fair Labor Standards Act and Title VII, Compl., ¶ 8. However, Count I ("Gender Discrimination") is less than clear as to exactly what federal laws were violated. Also, the copy of the amended complaint attached to the motion indicates that Plaintiff seeks to add a claim under the New Mexico Human Rights Act, even though it is not mentioned in the text of the motion itself. I will therefore construe the motion as requesting the addition of this claim as well.

discretion of the trial court.  Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Foman v. Davis, 371 U.S. 178, 182 (1962).  Although leave to amend is generally freely granted, it will not be permitted where the proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the opposing part.  Castleglen, Inc., et al. v. R.T.C., 984 F.2d 1571 (10th Cir. 1993).  In this case, the Court's denial is based on futility of the proposed amendments.

*A.     Claim Based on State Constitution*

Plaintiff may only sue for damages for violations of the New Mexico Constitution when New Mexico has waived immunity.  See Chavez v. City of Albuquerque, 124 N.M. 479, 482 (Ct. App. 1997); Ford v. New Mexico Dept. of Public Safety, 119 N.M. 405, 412 (Ct. App. 1994). Defendants have immunity from tort liability under the New Mexico Tort Claims Act, N.M.S.A. 1978 § 41-4-4 ("[a] governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived in specific provisions under the Act";[2] Begay v State of NM, 104 N.M. 483, 488 (Ct.Ap. 1985), rev'd on other grds, 104 N.M. 375 (1986)("The Tort Claims Act specifically includes state constitutional violations committed by public officers and governmental entities within the torts for which liability may be found, provided that the violations are committed by an entity or officer included in the Act's waivers," and finding that the state did not give consent to be sued under Article II of the New

---

[2] Both the complaint and proposed amended complaint state that Defendant Albuquerque Technical Vocational Institute ("TVI") is a "state institution of higher education. . . ." Compl., ¶ 2.  Thus, immunity provided under the Tort Claims Act extends to TVI and its employees.  See N.M.Stat.Ann. § 41-4-4 ("Definitions") ("B. 'governmental entity' means the state or any local public body as defined in Subsections C and H of this section") and ("F. 'public employee' means any officer, employee or servant of a governmental entity. . . ").

Mexico State Constitution).  I find no waiver of immunity by the State which would allow Plaintiff to assert a proposed breach of contract claim based on the New Mexico State Constitution.  Therefore, Plaintiff's motion to amend the complaint to assert this claim is denied.

*B.*     *Claim Under New Mexico Human Rights Act*

An amendment to the complaint adding a claim for violation of the New Mexico Human Rights Act ("NMHRA") would also be futile. Individual defendants cannot be sued in district court under NMHRA unless and until a complainant exhausts administrative remedies against them.  Mitchell-Carr v. McLendon, 127 N.M. 282, 287 (1999) (exhaustion of administrative remedies is a prerequisite to suit under the NMHRA) (citing Luboyeski v. Hill, 117 N.M. 380 (1994)).

Here, in order to obtain a trial in federal court on a claim asserting a violation of the NMHRA, Plaintiff must have satisfied the requirements of N.M.Stat.Ann. § 28-1-13 which governs the filing of a timely appeal from an administrative order.[3] Plaintiff has not complied with these requirements.  Plaintiff has not filed a reply responding to Defendants' contention that the exhaustion requirements have not been met.  However, Defendants' recitation of the relevant facts are supported in the existing pleadings.  According to both the complaint and the proposed amended complaint, Plaintiff filed a charge with the EEOC on March 28, 2002 and received a right to sue letter on June 20, 2002.  Compl., ¶ 23.  Plaintiff filed the federal lawsuit on September

---

[3] Subsection A states in part: "Any person aggrieved by an order of the commission may obtain a trial de novo in the district court of the county where the discriminatory practice occurred or where the respondent does business by filing a notice of appeal within thirty days from the date of service of the [human rights commission]'s order"; see also § 28-1-10(J) ("Grievance Procedure").

18, 2002, which is untimely by well over the thirty day limit.[4]  Thus, amendment of the complaint to assert a claim under the NMHRA would serve no purpose.  The state claim is barred by the state law statute of limitations, "whether filed in state or federal court and regardless of the fact it is joined with a federal claim."  See Mitchell-Carr v.McLendon, 980 P. 2d 65 (N. M. 1999).

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Permit Filing Amended Complaint **(Doc. 7)** is hereby DENIED.

>                                                      
> UNITED STATES DISTRICT JUDGE

---

[4]  Defendants' response cites to a June 18th date for the date Plaintiff received her right to sue letter, while the complaint states that the EEOC determination of "no cause" resulted on June 20, 2002. At any rate, the two-day difference does not make a difference in the timeliness of Plaintiff's appeal of the commission's order.