UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER VIGIL,

                    Plaintiff,

vs.                                         No.: CV-2002-1241 JBIWDS

GOVERNING BOARD OF THE
ALBUQUERQUE TECHNICAL
VOCATIONAL INSTITUTE,

                    Defendant.

## DEFENDANT'S PROPOSED FINDINGS OF FACT
### AND CONCLUSIONS OF LAW

COMES NOW Defendant Albuquerque Technical and Vocation Institute ("Defendant TVI") by and through its counsel of record, Narvaez Law Firm, P. A., and for its proposed Findings of Fact and Conclusions of Law states as follows:

FINDINGS OF FACT:

PI    tiff, Jennifer Vigil (`Vigil"), contends that Defendant TVI discriminated against her on the basis of her gender in the setting of her wages in violation of Title VII of the Civil Rights Act of 1964, the Equal Pay Act, and in violation of an implied contract of employment.

2.    Defendant TVI contends that at all times relevant to Vigil's complaint it acted in a non-discriminatory manner and acted in good faith.

3.    Vigil and John Crawford are currently employed at TVI as supervisors in the TVI Security Department, a position entitled "Security Officer Ill."

4.      Vigil was promoted to Security Officer III in July 2000 and TVI set Vigil's new salary level consistent with TVI Wage policy § 5.02(C;)(2)(a), which states that at promotion an employee's rate of pay will increase by the higher of the minimum rate of pay for the new position, or an amount equal to a 5% increase over the previous rate of pay.

5.      Vigil's pay was set at the minimum starting wage for Security Officer III because that amount was more than a 5% increase over her previous base pay.

6.      TVI did not take into consideration the fact that Vigil is a female in determining her promotion pay or the promotion pay of John Crawford.

7.      It has also been the practice of TVI to apply §5.02(B)(2)(a) of TVI's wage policies, which provides that credit for directly comparable prior experience may be given at a rate of 2% for each year of experience beyond the minimum required up to a maximum of 125% of the minimum.

8.      John Crawford was promoted to Security Officer III in January of 2002 and Defendant TVI applied the "years of experience over the minimum" calculation of §5.02(B)(2) to arrive at a promotion wage figure for John Crawford.

9.      Mr. Crawford was given 1' /2 years credit for 39 credit hours of post -secondary education and 1 year of credit for EMT certification for a total of of 2'/2 years credit for education towards the minimum requirement of three years of education and experience that the Security Officer III position required.

10.      John Crawford had 9 years of experience in security, which included over four years of supervisory experience in other jobs and he was given, credit for 9 years of related work experience at

the time of his promotion to Security Officer III.

11.     In order to meet the minimum requirements of three years combined education and experience for the Security Officer III position, half of a year of Mr. Crawford's experience was applied to the minimum requirements, reducing his experience to 8.5 years of experience over the minimum required. This resulted in John Crawford receiving a higher promotion wage that Vigil.

12.     Defendant TVI's Job Posting for Security Officer III required a minimum of three years combined education and experience to qualify for the position at the time of the promotion of Vigil and John Crawford. Any education beyond the three year minimum required is not applied in setting wages.

13.     Vigil brought the issue of differences in pay to the attention Defendant TVI and Vigil was informed that Defendant TVI would look at the problem and attempt to make a correction.

14.     Defendant TVI's investigation of Vigil's complaint brought to light that different methodologies were used to set Vigil's and Mr. Crawford's wages and the difference in methodology was not based on Vigil's gender.

15.     TVI prohibits discrimination based on gender and has in place numerous policies and procedures to prevent unlawful gender discrimination and Defendant TVI also has in place procedures for employees to complain about alleged discrimination.

16.     Based on the findings, Defendant TVI believed it was appropriate to recalculate Vigil's rate of pay according to the same methodology utilized to calculate Mr. Crawford's promotion pay.

17.     Vigil was given 2 years of credit for her associate's degree which was listed as her post -

secondary education in her application for the Security Officer III position and 1 year of credit for EMT

certification like John Crawford, for a total of 3 years credit for education towards the minimum

requirement of three years of education and experience that the Security Officer III position required.

18.     At the time of her promotion, Vigil had approximately 2'/z years of experience in the TVI

Security Department and like John Crawford, Vigil was given credit for 2.5 years of directly comparable

experience over the minimum required and under § 5.02(B).

19.     Vigil's wages were adjusted retroactively and she was paid back wages in June of 2002, however,

Vigil continued to receive a lower wage than John Crawford because John Crawford had more experience

than Vigil at the time of promotion to Security Supervisor 111.

20.     Vigil does not have comparable or superior skill or experience in the security field than John

Crawford and Vigil's qualifications were not equal to or greater than those of John Crawford.

21.     Vigil and John Crawford are not similarly situated because John Crawford has more experience

than Vigil.

22.     TVI's Employee Handbook is only in effect when it has been approved by the Governing Board

by appropriate resolution and TVI's Board reserves the right to make such changes or amendments to the

TVI Employee Handbook as in the Board's opinion are necessary or desirable for the effective operation

of the Institute.

23.     Any changes and amendments to the TVI Employee Handbook are effective upon approval of

the Governing Board regardless of whether or not Vigil receives notice.

-4-

24.     The TVI Employee Handbook does not give rise to an implied contract for employment because the Handbook does control Vigil's relationship with Defendant TVI and Vigil can not reasonably expect Defendant TVI to conform to the procedures it outlined.

25.     Defendant TVI affirms that it does not illegally discriminate on the basis of gender, race, color, national origin, religion, age, disability, sexual orientation or marital status in any of its policies, practices or procedures in accordance with applicable federal, state and local laws, nor will it condone any act of illegal discrimination or harassment on the part of its employees and this anti-discrimination provision includes, but is not limited to, employment, admissions, testing, financial aid and educational services.

26.     TVI's Employee Handbook does of provide for compensatory damages, emotional distress damages, or attorney's fees for Vigil based upon an alleged breach of implied contract.

27.     Defendant TVI's conduct in this matter was not malicious, fraudulent, oppressive, or reckless with a wanton disregard for Vigil's rights, and, therefore Vigil is not entitled to an award of punitive damages.

28.     Vigil has not suffered emotional distress.

29.     Defendant TVI made good faith efforts to comply with Title VII and the Equal Pay Act.

30.     Defendant TVI substantially followed all of its gender neutral policies and procedures with respect to the calculation of V igil's pay upon her promotion to Security Officer III and Defendant TVI interpreted its wage policies in favor of Vigil and exercised care in an effort to avoid harm to Vigil by acting upon her complaint and reviewing and recalculating Vigil's wages on the same basis as utilized for John

-5-

Crawford.

CONCLUSIONS OF LAW:

A.      Vigil has failed to establish a prima facie case of discrimination because she could not establish

that the discrimination complained of was intentional through direct evidence.   EEOC v. Horizon/CMS

Healthcare Corp., 220 F.3d 1184,1191(10th Cir. 2000) (citing Shorter v. ICG Holdin s, Inc., 188 17.3)d

1204, 1207 (10th Cir. 1999).

B.      Vigil failed to establish an intent to discriminate against her based on her gender by Defendant TVI

was the determining factor in calculating her wages upon promotion to Security Officer III and in calculating

John Crawford's wages upon promotion to Security Officer III to Security Officer III. See  Sanchez v.

Phillip Morris Inc., 992 F.2d 244, 246-47 (10th Cir. 1993).

C.      Vigil has failed to establish that similarly situated males received a higher salary than her because

she was not similarly situated to John Crawford due to John Crawford having more experience.

D.      Vigil has failed to establish that she possessed skills, efforts, and responsibilities equal to those

possessed by John Crawford in the same job classification because John Crawford had more experience

than Vigil.      McDonnell Douglas Corp. v. Green, 411

U.S. 792 (1973).

E.      Vigil failed to establish that her gender was a motivating factor in Defendant TVI's decision not to

pay her the same wages as John Crawford.

F.      Defendant TVI provided legitimate, nondiscriminatory reasons for the difference in wages between

Vigil and John Crawford.

G.      Defendant TVI acted in good faith to comply with Title VII and Defendant TVI would have made

the same decision regardless of Vigil's gender.

H.      Vigil failed to establish that Defendant's reasons for setting Vigil's wages lower than those

of John Crawford were a pretext for discrimination.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502,507-

508(1993).

I.      Vigil failed to establish that she is entitled to damages as authorized under Title VII of the Civil

Rights Act of 1964.

J.      Vigil is not entitled to punitive damages as she failed to present evidence that TVI engaged in

intentional discrimination with malice or reckless indifference to her rights under Title VII and because TVI

has made good faith efforts to comply with Title VII.  Kolstad v. American Dental Ass'n, 527 U.S. 526,

530 (1999).

K.      Vigil failed to establish that she is entitled to reasonable attorney's fees and court costs.

L .      Vigil was paid less than John Crawford because John Crawford had more years of experience than

Vigil and the difference in wages based on experience is a factor other than sex. 29 U.S.C. §206(d)(1);

29 C.F.R. §1620.20.

M.      Vigil is not entitled to damages under the Equal Pay Act.

N.      Vigil is not entitled to liquidated damages under the Equal Pay Act because Defendant TVI's

conduct with respect to the setting of Vigil's promotion wages was not willful, Defendant TVI did not know

its actions were in violation of the Equal Pay Act, and Defendant TVI did not act with reckless disregard

of the Equal Pay Act.

O.      Vigil is not entitled to her reasonable attorney's fees and costs under the Equal Pay Act.

P.      Vigil failed to establish that she had an express contract with Defendant TVI to govern the

setting of her wages upon promotion to Security Officer III and therefore she is not entitled to any

damages for breach of an express contract with TVI .

Q.      Vigil is an at-will employee and she is not entitled to any damages for breach of an implied contract

with TVI.

R.      Vigil has failed to establish that she had a implied contract of employment with Defendant

TVI, and she is not entitled to an award of damages arising from the setting of her wages upon promotion

to Security Officer III.

S.      Vigil has failed to establish that the TVI Employee Handbook gave rise to an implied contract

for employment because Vigil failed to establish that the TVI Employee Handbook controlled her

relationship with Defendant TVI and that she could reasonably expect Defendant TVI to conform to the

procedures it outlined.  Garcia v. Middle Rio Grande Conservancy Dist. , 121 N.M. 728 (N.M., 1996).

T.      Even if an implied contract of employment existed at the time of her promotion, Vigil has failed

to establish that Defendant TVI breached any implied contract with Vigil with respect tot he setting of

her wages upon promotion to Security Officer III and Vigil failed to establish that Defendant TVI breached

any duty to Vigil pursuant to the covenant of good faith and fair dealing.

U.       Defendant TVI substantially followed all of its gender neutral policies and procedures with respect

to the calculation of Vigil's pay upon her promotion to Security Officer III.

V.      Defendant TVI interpreted its wage policies in favor of Vigil and exercised care in an effort to avoid

harm to Vigil by acting upon her complaint and reviewing and recalculating Vigil's wages on the same basis

as utilized for John Crawford.

W.      Vigil is not entitled to any compensatory damages for breach under any implied contract for

employment with Defendant TVI.

X.      Vigil is not entitled to punitive damages for breach of implied contract because Defendant TVI did

not act with a culpable state of mind and a reckless disregard for Vigil's rights and Defendant TVI did not

know that its actions could harm the interests of the Vigil.  Public Serv. Co. v. Diamond D Constr. Co.,

131 N.M. 100 (N.M. App. , 2001).

Y.      Vigil has not established that she is entitled to any damages for emotional distress and Vigil is not

entitled to emotional distress damages for breach under any implied contract for employment with

Defendant TVI.  Silva v. Albuquerque Assembly & Distrib. Freeport Warehouse Corp.,  106, N.M.

19, 738 P.2d 513 (1987).

Z.      Vigil is not entitled to any damages for attorney's fees under any implied contract for

employment with Defendant TVI.  N.M. Right to Choose/NARAL v. Johnson, 1999-NMSC-28,

127 N.M. 654, 986 P.2d 450 (1999).

Respectfully submitted,

NARVAEZ LAW FIRM, P.A.

By: _____
                F.NARVAEZ
        RAOL P. SEDILLO
Attorneys for Defendant TVI
P. 0. Box 25967
Albuquerque, NM 87125-0967
(505) 248-0500   (505) 247-1344 Fax

I  HEREBY CERTIFY that a true copy of the foregoing
pleading was hand delivered on December 31, 2003 to:

Thomas J. Griego, Esq.
Attorney for Plaintiff
Bill Gordon & Associates, P. A.
2501 Yale SE, Suite 201
Albuquerque, NM 87106
(505) 265-1000

RAÚL P. SEDILLO