UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER VIGIL,

    Plaintiff,

vs.

No.: CV-2002-1241 JB/WDS

GOVERNING BOARD OF THE
ALBUQUERQUE TECHNICAL
VOCATIONAL INSTITUTE,

    Defendant.

## STIPULATED FINDINGS OF FACT

COMES NOW Plaintiff Jennifer Vigil, by and through her attorney of record, Thomas J. Griego, and Defendant Albuquerque Technical and Vocation Institute ("Defendant TVI") by and through its counsel of record, Narvaez Law Firm, P. A., and hereby submit their Stipulated Findings of Fact and provide that the parties have stipulated to the following facts:

1.     Plaintiff, Jennifer Vigil ("Vigil"), contends that Defendant TVI discriminated against her on the basis of her gender in the setting of her wages in violation of Title VII of the Civil Rights Act of 1964, the Equal Pay Act, and in violation of an implied contract of employment.

2.     Defendant TVI contends that at all times relevant to Vigil's complaint it acted in a non-discriminatory manner and acted in good faith.

3.     Vigil and John Crawford are currently employed at TVI as supervisors in the TVI Security Department, a position entitled "Security Officer III."

4.     Vigil was promoted to Security Officer III in July 2000 and TVI set Vigil's new salary level

consistent with TVI Wage policy § 5.02(C)(2)(a), which states that at promotion an employee's rate of pay will increase by the higher of the minimum rate of pay for the new position, or an amount equal to a 5% increase over the previous rate of pay.

5. Vigil's pay was set at the minimum starting wage for Security Officer III and that amount was more than a 5% increase over her previous base pay.

6. John Crawford was promoted to Security Officer III in January of 2002 and Defendant TVI contends that it applied the "years of experience over the minimum" calculation of §5.02(B)(2) to arrive at a promotion wage figure for John Crawford.

7. Mr. Crawford was given 1½ years credit for 39 credit hours of post-secondary education and 1 year of credit for EMT certification for a total of 2½ years credit for education and Defendant TVI contends that the 2½ years credit for education was applied towards the minimum requirement of three years of education and experience that the Security Officer III position required.

8. John Crawford had 9 years of experience in security, which included over four years of supervisory experience in other jobs and Defendant TVI contends he was given credit for 9 years of related work experience at the time of his promotion to Security Officer III.

9. The minimum requirements set forth in Defendant TVI's Job Posting for Security Officer III at the time of Vigil's and John Crawford's promotion were the completion of a post-secondary security-training course, three (3) years ~~Security Services Oriented~~ Experience, or an equivalent combination of education and experience

-2-

10. Vigil complained about alleged differences in pay to Defendant TVI and Vigil was informed that Defendant TVI would look at the problem and attempt to make a correction.

11. As a result of Vigil's complaint and Defendant TVI's investigation, Vigil's pay was adjusted from $11.13 to $11.69 an hour and she was paid back pay in June of 2002.

12. TVI prohibits discrimination based on gender and has in place numerous policies and procedures to prevent unlawful gender discrimination and Defendant TVI also has in place procedures for employees to complain about alleged discrimination.

13. As part of the recalculation, Vigil was given credit for 2.5 years of directly comparable experience over the minimum.

14. TVI's Employee Handbook is only in effect when it has been approved by the Governing Board by appropriate resolution and TVI's Board reserves the right to make such changes or amendments to the TVI Employee Handbook as in the Board's opinion are necessary or desirable for the effective operation of the Institute.

15. Any changes and amendments to the TVI Employee Handbook are effective upon approval of the Governing Board regardless of whether or not Vigil receives notice.

16. Defendant TVI contends that it does not illegally discriminate on the basis of gender, race, color, national origin, religion, age, disability, sexual orientation or marital status in any of its policies, practices or procedures in accordance with applicable federal, state and local laws, nor will it condone any act of illegal discrimination or harassment on the part of its employees and this anti-discrimination provision includes,

*but is not limited to*, employment, admissions, testing, financial aid and educational services.

17. TVI's Employee Handbook does not provide for compensatory damages, emotional distress damages, or attorney's fees for Vigil based upon an alleged breach of implied contract.

18. Defendant TVI contends that it's conduct in this matter was not malicious, fraudulent, oppressive, or reckless with a wanton disregard for Vigil's rights, and, therefore Vigil is not entitled to an award of punitive damages.

19. Defendant TVI contends that it made good faith efforts to comply with Title VII and the Equal Pay Act.

20. Defendant TVI contends that it substantially followed all of its gender neutral policies and procedures with respect to the calculation of Vigil's pay upon her promotion to Security Officer III and Defendant TVI interpreted its wage policies in favor of Vigil and exercised care in an effort to avoid harm to Vigil by acting upon her complaint and reviewing and recalculating Vigil's wages on the same basis as utilized for John Crawford, which contention Vigil disputes.

21. Jennifer Vigil (Vigil) is a resident of Albuquerque, Bernalillo County, New Mexico.

22. Albuquerque Technical Vocational Institute, (hereinafter "TVI") is a state institution of higher education having its principal place of business in the State of New Mexico and the City of Albuquerque and TVI Governing Board is a corporate body subject to suit.

23. TVI has at least fifteen employees as defined by Title VII of the Civil Rights Act, (42 U.S.C. §2000(e) et seq. as amended.

24. The acts which give rise to the Complaint were committed in Albuquerque, New Mexico and are

within the jurisdiction and venue of this Court.

25. Vigil files the above-captioned action under Section 16(c) of the Fair Labor Standards Act, 29 U.S.C. §216(c) and 217 and §2000(e) of Title VII, alleging that the Defendant TVI discriminated against Vigil, in the setting of her wages, terms, conditions and privileges of her employment on the basis of her gender (female).

26. Vigil began working for Defendant TVI in January of 1998 as a Security Aide under a work/study program and became a full time Security Officer I for TVI in 1999. She and is currently employed by TVI as a Security Officer III; a supervisory position.

27. In August or September 2000, Vigil, who was then employed as a Security Officer I applied for a promotion to an open, vacant position as Security Officer III. The promotion was given to a male co-worker, Joe Candelaria.

28. In July of 2001 another promotional opportunity to Security Officer III was posted and Vigil applied for the position.

29. She was given that promotion effective July 17, 2001. However, her pay after promotion was at the bottom of the pay scale, $11.13.

30. The method used to determine Vigil's wage upon promotion was that found in Defendant TVI's Section V Wage and Salary Policies, Rule 5.02(C)(2), and because the beginning level of the Security Officer III wage scale represented an increase of at least 5%, over her base wage her wage upon promotion was set at the beginning level, $11.13 per hour.

31. Following Vigil's promotion, another male, John Crawford, was promoted to Security Officer III on or about September 2001.

32. Defendant TVI set Crawford's wage above the beginning point on the wage scale for Security Officer III, at $13.02 per hour.

33. Vigil contends the manner and method used by the Defendant to determine Crawford's and Candelaria's wage upon promotion was different than that used to determine Vigil's wage. Specifically, upon promotion, Candelaria's and Crawford's wages were set by application of Rule 5.02(B) whereas Vigil's was set by application of TVI policy 5.02(C) with the result that the two males upon promotion received a more generous pay raise than the female Vigil. Defendant TVI disputes this contention.

34. Vigil filed a charge with the Equal Employment Opportunity Commission on March 28, 2002 alleging in part that TVI discriminated against her setting wages.

35. About the same time that Vigil received her right to sue letter from the EEOC on June 20, 2002, Defendant TVI recalculated Vigil's wage and made an adjustment to that wage, retroactive to her promotion, increasing her hourly wage to $11.69.

36. Defendant TVI calculated the adjustment to Vigil's wage by applying TVI policy 5.02(B) giving her credit for her EMT training and for her Associate of Arts degree.

37. Vigil contends that although the adjustment to her wage purported to follow the provisions of Section 5.02(B), the method of calculation used by TVI continued to favor the male Security Officers III and disfavor the Vigil in that Vigil was only given credit for the number of credit hours necessary to obtain

her Associate of Arts degree and did not count credit hours beyond that, whereas in counting Crawford's credit hours, who did not hold any type of degree, all credit hours were counted. Defendant TVI does not agree.

38.  Although Vigil called to Defendant TVI's attention that the wage adjustment was not properly calculated, Defendant TVI refused to make any further adjustments.

39.  TVI has adopted policies and procedures embodied in an employee handbook. The version of those policies applicable to this case is that updated March 2002.

40.  In addition to the Employee Handbook TVI has promulgated an Administrative Directive regarding Section 5.02 of the Employee Handbook which directive is applicable to this case.

41.  The Application forms and Job Vacancy Announcements at issue in this case contain language to the effect that Albuquerque TVI does not discriminate on the basis of gender on any of its policies, practices, procedures and employment.

42.  Vigil met the minimum qualifications for the Security Officer III positions posted in June 2001.

43.  The parties agree that at the time Vigil applied for promotion to Security Officer III in June of 2001, she had completed 114 post secondary credit hours and held an Associate of Arts degree.

44.  Vigil contends that she is entitled to more post secondary credit hours, up to 130.

45.  On or about July 18, 2000, Vigil completed the training necessary for certification as an Emergency Medical Technician.

46.  On or about March 7, 2002 Vigil asked Dave Casalino, then Interim Director of Security to look

into why her wage upon promotion was set at the minimum on the scale while that of John Crawford was set above the minimum.

47. In March 2002, Dave Casalino, requested Susan Crawford to compare the pay rates of three individuals recently promoted to Security Officer III.

48. Susan Crawford responded to Mr. Casalino's request in a memorandum dated March 20, 2002.

49. Immediately prior to her promotion to Security Officer III, Vigil's base hourly wage was $9.89 per hour and her wage upon promotion was based on that wage.

50. Immediately prior to his promotion John Crawford's base hourly wage was $10.72 per hour and his wage upon promotion was based on that wage.

51. At the time of his promotion to Security Officer III John Crawford had 39 credit hours of post-secondary education.

52. On June 5, 2002, TVI adjusted Vigil's hourly wage to credit her for experience and education.

53. At the time of her wage adjustment in June of 2002, Vigil held an Associate of Arts Degree but also had credit hours beyond the minimum necessary to earn the degree.

54. In adjusting her wage to comport with the method used to calculate John Crawford's wage, TVI credited her with only 2 years of "educational experience" based on her A.A. degree.

55. At the time John Crawford's wage was set by TVI at the time of his promotion, he was given one year's education credit for his EMT training. At the time of her wage adjustment in May of 2002, Vigil who also holds certification as an EMT was also given one year's education credit for her EMT

certification.

56. The wage rate set for John Crawford was reviewed and approved by Sadie Tafoya, Vice President of Administrative Services for TVI.

57. Defendant TVI did not apply the provisions of Section 5.02(B)(2)(a) to its calculation of Vigil's wage at the time she was promoted to Security Officer III. Defendant TVI contends that this provision was used in the recalculation of Vigil's wage in June of 2002.

58. The reasons for the wage differences set forth in Susan Crawford's memo were explained to Vigil by Susan Crawford herself and by Dave Casalino.

59. On June 18, 2002, Vigil received her Right to Sue letter from the EEOC and filed the instant action within 90 days thereafter.

60. As of the date of her promotion to Security Officer III July 17, 2001, TVI considered her to have been working for Defendant TVI for 2½ years and thus she was given 2.5 years of credit for experience. The reason that her total experience was reduced to 2½ years is because TVI gave her 4 months of employment credit for the eight months she worked in the work/study program because during that time she worked what TVI considered to be "essentially half time."

61. Prior to June 17, 2001 Vigil's base rate of pay was $9.89 per hour plus $0.84 per hour for a combined hourly wage rate of $10.73 per hour.

62. After her promotion on June 17, 2001, Vigil's rate of pay was increased to $11.13 per hour.

63. In June of 2002, TVI adjusted her hourly wage rate to $11.69 per hour and paid her back wages

of $1,208.06 representing the difference in her prior wage of $11.13 per hour and the her adjusted wage of $11.69.

64.     The work performed by Vigil, John Crawford and Joe Candelaria is substantially similar.

65.     Ron Hollie was promoted to Security Officer III at the same time as Vigil and his wage was also initially set at the minimum of $11.13 an hour.

66.     Ron Hollie's promotion wages for Security Officer III were also recalculated at the same time as Vigil's and he received a raise and back pay.

Respectfully submitted,

NARVAEZ LAW FIRM, P.A.

By: _____
HENRY F. NARVAEZ
RAÚL P. SEDILLO
Attorneys for Defendant TVI
P. O. Box 25967
Albuquerque, NM  87125-0967
(505) 248-0500   (505) 247-1344 Fax

and

By: _____
THOMAS J. GRIEGO
Attorney for Plaintiff
2501 Yale SE, Suite 201
Albuquerque, NM 87106
(505) 265-1000